UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

―――――

GERALD NELSON,

       Plaintiff,                             Case No. 1:11-cv-239

v.                                               Honorable Gordon J. Quist

JOHN McDONOUGH et al.,

       Defendants.
_____/

## **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

## **Discussion**

    I.    Factual allegations

Plaintiff Gerald Nelson presently is incarcerated at the Chippewa Correctional Facility. He sues the St. Joseph County Prosecutor John McDonough and the St. Joseph County Sheriff Bradley Balk.

Plaintiff alleges that, on March 4, 2010, he was arrested for resisting and obstructing an officer, MICH. COMP. LAWS § 750.81d(1), and possession of marijuana, MICH. COMP. LAWS § 333.7403(2)(d). At the time of the arrest, Defendants seized Plaintiff's vehicle, a 1995 Chevy Tahoe, as well as $559.00 in currency. Both the vehicle and the money were subsequently forfeited. Plaintiff complains that, under MICH. COMP. LAWS § 333.7521(d)(1), his vehicle was not subject to forfeiture for a violation of the misdemeanor offense of possession of marijuana, MICH. COMP. LAWS § 333.7403(2)(d). According to the attachments to the complaint, Plaintiff filed a motion in the St. Joseph County Circuit Court seeking return of the forfeited items. The prosecutor did not dispute the allegations of Plaintiff's motion, but indicated that, because Plaintiff had failed to timely respond to the forfeiture action, his only remedy was a civil action filed in the St. Joseph County Circuit Court. (Compl., Ex. C, Page ID##13, 16.) Plaintiff now contends that Defendants, by conspiring to violate state law in seizing and forfeiting his vehicle, deprived him of due process under the Fifth and Fourteenth Amendments.

II.     Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct.

at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff argues that he was deprived of his property without due process when Defendants seized and forfeited his vehicle in violation of state law. The Fourteenth Amendment prohibits the States from "depriv[ing] any person of life, liberty, or property, without due process of law." A State must provide an individual with notice and opportunity to be heard before the State may deprive him of his property. *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 546 (1985); *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 313 (1950). The Due Process clause does not guarantee that the procedure will produce a correct decision. "It must be remembered that even if a state decision does deprive an individual of life, [liberty], or property, and even if that decision is erroneous, it does not necessarily follow that the decision violated that individual's right

to due process." *Martinez v. California*, 444 U.S. 277, 284, n.9 (1980). "[T]he deprivation by state action of a constitutionally protected interest in 'life, liberty or property' is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest *without due process of law*." *Zinermon v. Burch*, 494 U.S. 113, 125 (1990) (emphasis in original).

Plaintiff's due-process claim is barred by the doctrine of *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327 (1986). Under *Parratt*, a person deprived of property by a "random and unauthorized act" of a state employee has no federal due process claim unless the state fails to afford an adequate post-deprivation remedy. If an adequate post-deprivation remedy exists, the deprivation, although real, is not "without due process of law." *Parratt*, 451 U.S. at 537. This rule applies to both negligent and intentional deprivation of property, as long as the deprivation was not done pursuant to an established state procedure. *See Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984). Because Plaintiff's claim is premised upon allegedly unauthorized acts of state officials, he must plead and prove the inadequacy of state post-deprivation remedies. *See Copeland v. Machulis*, 57 F.3d 476, 479-80 (6th Cir. 1995); *Gibbs v. Hopkins*, 10 F.3d 373, 378 (6th Cir. 1993). Under settled Sixth Circuit authority, a plaintiff's failure to sustain this burden requires dismissal of his § 1983 due-process action. *See Brooks v. Dutton*, 751 F.2d 197 (6th Cir. 1985).

Plaintiff has not sustained his burden in this case. Plaintiff has not alleged that state forfeiture remedies are inadequate. Indeed, according to Plaintiff's own allegations, state forfeiture law provided him an opportunity to be heard, and Defendants complied with that law by filing a notice of forfeiture respecting Plaintiff's vehicle. *See* MICH. COMP. LAWS § 333.7523(1)(a). Upon receiving notice, Plaintiff had the opportunity to file a claim in response. *See* MICH. COMP. LAWS § 333.7523(1)(c). Although Plaintiff apparently did not exercise his right, had he done so, the local governmental unit would have been required to file a forfeiture action in the state court to prove

legal entitlement to the property. *Id.* Such post-deprivation remedies repeatedly have been recognized as adequate. The Michigan courts have held that the availability of notice and a hearing under MICH. COMP. LAWS § 333.2523 affords an adequate remedy satisfying due process. *See In re Forfeiture of $109,901*, 533 N.W.2d 328, 331 (Mich. Ct. App. 1995); *Derrick v. City of Detroit*, 245 N.W.2d 154, 155 (Mich. Ct. App. 1988). In addition, the United States Supreme Court has upheld the propriety of similar *in rem* forfeiture proceedings. *See, e.g., Bennis v. Michigan*, 516 U.S. 442, 452-52 (1996) (holding that Michigan procedures permitting forfeiture of property without allowance for an "innocent-owner" defense did not violate due process) (addressing MICH. COMP. LAWS § 600.3825); *United States v. Von Neumann*, 474 U.S. 242, 244 n.3 (U.S. 1986) (recognizing that due process is satisfied where the administrative forfeiture process provides the owner the opportunity to trigger the government's initiation of forfeiture proceedings; *see also Ross v. Duggan*, 402 F.3d 575, 483 (6th Cir. 2004) (holding that MICH. COMP. LAWS § 600.3825 provides adequate post-seizure notice and an opportunity to be heard). Plaintiff does not allege any reason why complying with state forfeiture procedures would not have afforded him complete relief for the deprivation, either negligent or intentional, of his personal property.

Moreover, to the extent that Plaintiff seeks to enforce state law, his claim will be dismissed. Section 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). Moreover, the Sixth Circuit routinely has held that, where a district court has exercised jurisdiction over a state-law claim solely by virtue of supplemental jurisdiction and all federal claims are dismissed prior to trial, the state-law claims should be dismissed without reaching their merits. *Landefeld v. Marion Gen. Hosp., Inc.,* 994 F.2d 1178, 1182 (6th Cir. 1993); *Faughender v. City of N. Olmsted, Ohio*, 927 F.2d 909, 917 (6th Cir. 1991)). Plaintiff's state-law claim therefore will be dismissed without prejudice.

## **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated: April 21, 2011                            /s/ Gordon J. Quist
                                                                GORDON J. QUIST
                                        UNITED STATES DISTRICT JUDGE